UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREDIS N. SOSA-RODRIGUEZ,

                    Petitioner,

          v.                                      **ORDER**
                                                26-CV-0981-SJB
PAM BONDI et al.,

                    Respondents.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

      Petitioner Fredis N. Sosa-Rodriguez ("Petitioner"), a citizen of Honduras who has lived in the United States for nearly 30 years, was arrested on February 2, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers. (Pet. for Writ of Habeas Corpus filed Feb. 19, 2026 ("Pet."), Dkt. No. 1 ¶¶ 1, 3; Resp'ts' Letter filed Feb. 20, 2026 ("Resp'ts' Letter"), Dkt. No. 5 at 2). He filed this Petition while detained at the Metropolitan Detention Center on February 19, 2026. (Pet. ¶ 3; Resp'ts' Letter at 2; Decl. of Spiro Vandoros dated Feb. 20, 2026 ("Vandoros Decl."), attached to Resp'ts' Letter as Attach. 1, Dkt. No. 5-1 ¶ 9). He has not been issued a final order of removal. (Pet. ¶ 4; Vandoros Decl. ¶¶ 7, 11). For the reasons explained below, the writ is granted.

      The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States for almost 30 years, (Pet. ¶ 1). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is "seeking admission" to the United States, notwithstanding that they have been living here for months, if not years. The vast

majority of courts in this District have rejected this argument. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225. In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that have been rejected in the vast majority of cases in this District, and as such "cannot prevail in this action." (Resp'ts' Letter at 2). Respondents submit that the Court can decide this matter without further briefing. (*Id.* at 2–3).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.[1]

The writ is granted. Respondents are directed to effectuate Petitioner's release by **February 20, 2026 at 9:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions. The Court

---

[1] There are two separate troubling issues in this case. First, the declaration provided suggests that ICE issued and served Petitioner with a Notice to Appear ("NTA"), which "initiated the instant removal proceedings against Petitioner," after he had been arrested. (Vandoros Decl. ¶¶ 7, 8). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025). And second, the declaration suggests that Petitioner was served with an I-200 arrest warrant after he was arrested. (Vandoros Decl. ¶ 6). So, while the Court notes that 8 C.F.R. § 1236.1 provides, in relevant part, "[a]t the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest," 8 C.F.R. § 1236.1(b), it does not reach the issue of whether an after-the-fact arrest warrant can justify detention under that regulation.

concludes that the Petition's other bases for granting the writ, including the APA, are

now moot and unnecessary to resolve.

                                        SO ORDERED.

                                        */s/ Sanket J. Bulsara*
                                        SANKET J. BULSARA
                                        United States District Judge


Date:   February 20, 2026
        Central Islip, New York

4